UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MERLIN TRANSPORT, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:11-cv-365-M |
| | § | |
| FRANK DENTON, MIKE AREISMENDEZ, | § | |
| LUANN ROBERTS MORGAN, FRED N. | § | |
| MOSES, DEBORAH YURCO, DOE 1 and | § | |
| DOE 2, The Commissioners of the Department | § | |
| of Licensing and Regulation, a Department of | § | |
| the State of Texas; and WILLIAM H. KUNTZ, | § | |
| the Executive Director of the Department of | § | |
| Licensing and Regulation, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Relief from the Order & Final Judgment [Docket Entry #27]. For the reasons stated below, the Motion is **GRANTED** in part and **DENIED** in part.

I.   BACKGROUND AND PROCEDURAL HISTORY

On February 22, 2011, Plaintiff filed its Complaint against Defendants, seeking a declaratory judgment and injunctive relief. On March 21, 2011, Defendants filed its Motion to Dismiss the case arguing, *inter alia*, that because of an action pending before the State Office of Administrative Hearings ("SOAH"), this Court was required to abstain from exercising jurisdiction under the *Younger* abstention doctrine. On June 30, 2011, after oral arguments, the Court granted Defendants' Motion to Dismiss, finding the case satisfied the three elements for *Younger* abstention. On August 9, 2011, the Court issued its Opinion setting forth its reasons for

granting Defendants' Motion to Dismiss and entered Final Judgment, dismissing Plaintiff's claims with prejudice. Plaintiff now moves for relief from the Final Judgment, asserting that application of the Final Judgment prospectively is no longer equitable, because the action pending before the SOAH has settled, and the SOAH dismissed the action after the Department of Licensing and Regulation (the "Department") moved for dismissal. Plaintiff further asserts that because the pending state action settled, the basis for *Younger* abstention no longer applies, and therefore, this Court should vacate its Final Judgment and allow Plaintiff to proceed on the merits or, in the alternative, should modify the Final Judgment to make it a dismissal *without* prejudice.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(5) provides that a court may relieve a party from final judgment when "applying [the judgment] prospectively is no longer equitable." The two requirements for obtaining relief under this provision are that (1) the judgment has prospective application and (2) it is no longer equitable that it should so operate. *Kirksey v. City of Jackson*, 714 F.2d 42, 43 (5th Cir. 1983).

## III.   ANALYSIS

A.   The Court Declines to Vacate Its Final Judgment

The Court finds that the Final Judgment dismissing Plaintiff's claims with prejudice has prospective application because it prevents Plaintiff from re-filing his lawsuit, the merits of which were not addressed in this case.[1]  *Cf. Picco v. Global Marine Drilling Co.*, 900 F.2d 846,

---

[1] Some courts have found that dismissals with prejudice are not prospective within the meaning of Rule 60(b)(5). *See Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 271–72 (3rd Cir. 2002) (holding that, in case where plaintiff sought to reinstate constitutional claims after a Supreme Court ruling, district court's order dismissing constitutional claims with prejudice—following stipulation of the same—did not have prospective effect merely because parties were bound by it

851 (5th Cir. 1990) (finding dismissal without prejudice that precluded relitigation of issues decided did not create the requisite prospective effect for purposes of obtaining relief under Rule 60(b)(5)); *Whitehurst v. Showtime Networks, Inc.*, No. 1:05-CV-407, 2006 WL 1444393, at *5 (E.D. Tex. May 24, 2006) (finding court's order of dismissal lacked prospective application because it dismissed plaintiff's claims without prejudice, and thus allowed him to re-file his claims later). Therefore, Plaintiff has met the first requirement for obtaining relief under the relevant provision of Rule 60(b)(5). However, Plaintiff fails to meet the second requirement. The settlement Plaintiff reached with the Department was expressly contingent upon approval by the Department's Executive Director. The Executive Director rejected the settlement and directed the issues be litigated.[2] Although, under these circumstances, it was premature for the Department's prosecuting attorney to move to dismiss the administrative action without the Executive Director's approval of the settlement, Plaintiff cannot rely on that error. *See, e.g., Linkous v. U.S.*, 142 F.3d 271, 277–78 (5th Cir. 1998) (stating that to establish estoppel against the government, a party must prove affirmative misconduct); *Richmond Printing v. Port of Houston Auth.*, 996 S.W.2d 220, 225 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (citing

---

nor was the order executory in nature); *Gibbs v. Maxwell House*, 738 F.2d 1153, 1155–56 (11th Cir. 1984) (finding order of dismissal with prejudice was not prospective merely because plaintiff remained bound by it, in case where plaintiff did not comply with district court's order to show cause why action should not be dismissed with prejudice following failure to pay sanction); *see also Travelers Indem. Co. v. Sarkisan*, 794 F.2d 754, 757 (2d. Cir. 1986) (doubting that "the preclusive nature of a dismissal with prejudice is a prospective effect under the rule" (citing *Gibbs*)). However, cases such as *Coltec* and *Gibbs* cannot apply where a final judgment is based on *Younger* abstention and circumstances may change, causing *Younger* abstention to no longer apply. The Final Judgment in this case can thus be read to have prospective effect. *See Cook v. Birmingham News*, 618 F.2d 1149, 1152–53 (5th Cir. 1980) (describing judgments that have prospective effect as those that involve the supervision of changing conduct or conditions and are thus provisional and tentative and noting that Rule 60(b)(5) is to be construed liberally to prevent injustice).

[2] A hearing was scheduled before the SOAH on October 24, 2011. The Court does not know whether the hearing was held as scheduled or, if the hearing was held, the outcome of the hearing.

*City of Hutchins v. Prasifka*, 450 S.W.2d 829, 835 (Tex. 1970) (stating that the general rule in Texas is that a governmental entity exercising its governmental powers is not subject to estoppel); *see also Fazekas v. Univ. of Houston*, 565 S.W.2d 299, 304 (Tex. Civ. App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.) (stating that "all persons dealing with [state officials] are charged with notice of the limits of their authority and are bound at their peril to ascertain whether the contemplated contract is within the power conferred.")  Therefore, the Court's basis for abstaining under the *Younger* abstention doctrine still applies.  Accordingly, the Court denies Plaintiff's request to vacate the Final Judgment.

B.      The Court Will Modify the Final Judgment

Plaintiff may file another federal lawsuit if it has grounds to do so after the state administrative proceeding and any state judicial review proceeding conclude.  Therefore, the Court grants Plaintiff's request to modify the Final Judgment to reflect that its claims are dismissed ***without prejudice***.

IV.     CONCLUSION

For the reasons stated above, the Motion is **GRANTED** in part and **DENIED** in part. The Court will issue a modified final judgment dismissing Plaintiff's claims without prejudice.

**SO ORDERED**.

December 13, 2011.

*[signature]*
BARBARA M. G. LYNN
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**